IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GREGORY LYNN MILES, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | Civil No. 4:16-CV-769-O |
| | § | (No. 4:94-CR-045-O-(02)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Gregory Lynn Miles ("Movant") filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. After considering his Section 2255 motion (ECF No. 1), the government's response (ECF No. 9), and Movant's reply (ECF No. 10), the Court concludes that the Section 2255 motion should be dismissed with prejudice as time-barred.

**Applicable Background**

A jury found Movant guilty of conspiracy to interfere with interstate commerce by robbery, four counts of interference of commerce by robbery, and four counts of unlawful possession of a firearm during a crime of violence. *See United States v. Miles*, 122 F.3d 235, 238 (5th Cir. 1997) (per curiam). He was sentenced to 858 months in prison. *See id.* at 239. His direct appeal was denied, *see id.* at 236, and the Supreme Court denied his petition for a writ of certiorari. *See Gustus v. United States*, 118 S. Ct. 1201 (1998).

Almost two decades later, Movant filed this 28 U.S.C. § 2255 motion. He claims only that his convictions for possession of a firearm during a crime of violence are unconstitutional in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government responds that his Section

2255 motion is time-barred. *See* ECF No. 9 at 3-5. To overcome the time-bar, Movant argues that his claim relies on a right that the Supreme Court announced in *Johnson*, and so his Section 2255 motion is timely under 28 U.S.C. § 2255(f)(3).

**Statute of Limitations**

Movant's Section 2255 motion is time-barred. "[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Movant's statute of limitations began to run when his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). Movant's conviction became final on March 9, 1998, when the Supreme Court denied his petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time

for filing a certiorari petition expires"). Movant had one year from that date–or until March 9, 1999–to timely file his Section 2255 motion. His motion, filed in June 2016, is untimely.

Movant argues that his motion is timely under Section 2255(f)(3) because he relies on a right that the Supreme Court announced in *Johnson*. But his reliance on that section is misplaced. *Johnson* held that the Armed Career Criminal Act's residual clause was unconstitutionally vague. 135 S. Ct. at 2563. And, because *"Johnson* affected the reach of [the Armed Career Criminal Act,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect" in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

But Movant was not convicted of violating the Armed Career Criminal Act, and that is not the statute that he challenges here. Rather, Movant seeks to extend the right announced in *Johnson* to his convictions under 18 U.S.C. § 924(c) for brandishing a firearm during a crime of violence, arguing that Section 924(c)(3)'s definition of "crime of violence" is also unconstitutionally vague. That is, Movant attempts to rely on a new right that the Supreme Court has not yet recognized. A right is "new" if it is "not *dictated* by precedent." *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (emphasis in original) (quoting *Teague v. Lane*, 489 U.S. 288. 301 (1989)); *see also Headbird v. United States*, 813 F.3d 1092, 1095 (8th Cir. 2016) (collecting cases and noting that Courts of Appeals agree that whether the Supreme Court has recognized a new "right," resetting AEDPA's statute of limitation under Section 2255(f)(3), requires the same inquiry as determining whether the Supreme Court has announced a new "rule" under *Teague*); *United States v. Morgan*, 845 F.3d 664, 667-68 (5th Cir. 2017) (inquiring whether the Supreme Court announced a new "rule" when determining whether a § 2255 motion was timely under § 2255(f)(3)). And a right is "dictated" by

precedent only if it is "apparent to all reasonable jurists." *Chaidez*, 568 U.S. at 347 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997)).

As relevant here, "[i]t is far from 'apparent to all reasonable jurists' that § 924(c)(3)(B) is unconstitutional under *Johnson*." *United States v. Autobee*, No. 17-1082, 2017 WL 2871893, *4 (10th Cir. July 6, 2017) (per curiam) (concluding that Section 2255(f)(3) did not apply to a Section 2255 motion that attempted to extend *Johnson* to invalidate Section 924(c)). Indeed, the Fifth Circuit has recently rejected an attempt to extend *Johnson* to invalidate Section 924(c)'s definition of a "crime of violence." *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017) ("the definition of 'crime of violence' under § 924(c)(3)(B) is not unconstitutionally vague"). So too have other Circuit courts. *See United States v. Prickett*, 839 F.3d 697, 699-700 (8th Cir. 2016) ("we join the Second and Sixth Circuits in upholding §924(c)(3)(B) against a vagueness challenge."); *United States v. Hill*, 832 F.3d 135, 145-50 (2d Cir. 2016) (same); *United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016) (same). Therefore, it is clear that *Johnson* did not dictate to all reasonable jurists that Section 924(c)(3)(B)'s definition of "crime of violence" is unconstitutionally vague. Because *Johnson* did not create the right that Movant seeks to apply here, Section 2255(f)(3) does not apply. *See Autobee*, 2017 WL 2871893, at *4; *see also United States v. Kundo*, ___ F. App'x ___, ___, 2017 WL 3084628, at *2-3 (10th Cir. July 20, 2017) (per curiam) (holding that Section 2255(f)(3) does not apply to a claim that Section 924(c) is unconstitutional after *Johnson*); *Williams v. United States*, No. 4:16-cv-444-A, 2016 WL 8716269, *3 (N.D. Tex. June 10, 2016) (same). Accordingly, Movant's Section 2255 motion is untimely absent equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Equitable tolling "-applies principally where [one party] is actively misled by the [other party] about the cause of action

or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). To warrant equitable tolling, Movant must show that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Movant presents no argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier. Because he has not met his burden to establish circumstances warranting equitable tolling, his motion is time-barred.

**Evidentiary Hearing**

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that Movant is entitled to no relief.

**Certificate of Appealability**

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Movant elects to file a notice of appeal, the Court notes that he will need to

pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

**Conclusion**

This Section 2255 action is **DISMISSED** as time-barred.

**SO ORDERED** this **18th day** of **October, 2017**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**